No. 33.—Samuel A. Jefferson, plaintiff in error, *vs.* The Mayor of Columbus, &c. defendants.

[1.] Where the Clerk of the Superior Court certifies that he sent up the *original notice,* together with the bill of exceptions, transcript of the record, &c. and it is not found with the papers, the presumption will be that it was lost in its transmission to the Court; and upon suitable proof, a copy may be established in lieu of the original.

[2.] An " acknowledgment of service" of the bill of exceptions, citation and notice of the *filing* of said *citation,* is not a compliance with the Statute, requiring notice to be given within ten days of the *signing* of the *bill of exceptions.*

Motion to dismiss the writ of error. The grounds of the motion are embodied in the decision of the Court.

Jas. Johnson, for the motion.

Downing, contra.

*By the Court.*—Lumpkin, J. delivering the opinion.

A motion is made to dismiss this writ of error, upon the grounds—1st. That there is no original notice sent up with the papers. 2d. Because no notice has been given of the signing of the bill of exceptions, as required by law.

Jefferson *vs.* Mayor of Columbus, &c.

[1.] The Clerk of the Court below certifies, that he sent up the original notice, together with the transcript of the record and bill of exceptions; and although he may be mistaken in point of fact, we should be authorised in presuming that the notice was lost, and, upon suitable proof, to allow a copy to be substituted.

[2.] But the other objection is fatal and incurable. It appears by the certificate of the Clerk, that the term of the Court at which the cause was tried, adjourned the 30th day of December, 1848; and that the bill of exceptions was filed in office on the 22d day of the ensuing month. There is no date, however, to the certificate of the presiding Judge. A comparison of dates would be conclusive, that the act was done within the thirty days prescribed by the Statute; but this does not meet the difficulty. The only evidence of the notice of the *signing* of the bill of exceptions, is the acknowledgment of the attorney, endorsed upon the *citation*, which is in these words : " I acknowledge due and legal service of the above bill of exceptions and citation, and of notice of the *filing* of said *citation*, and waive service of copies thereof, 22d January, 1849." The acknowledgment is of the *filing* of the *citation*, and not of the *signing* of the bill of exceptions. And as to the acknowledgment of the bill of exceptions, it may have been, for anything that appears, before it was certified and signed by the Judge. Upon these points the Act is imperative; and we are not at liberty to disregard its provisions, if we would.

Whether, as has been suggested, the Legislature may see fit to dispense with any, or all of these wise and salutary provisions, for the proper prosecution and defence of legal rights—matters, many of them, as we think, not of form merely, but of vital substance —and permit the party aggrieved, without notice to his adversary, to bring up for discussion and adjudication in this Court, all the errors of which he complains, is a question of expediency, to be regulated exclusively by the law-making power. In any event, it is our duty to execute, to the best of our ability, whatever the co-ordinate departments of the Government may, in this behalf direct. One thing, however, should not be overlooked, namely, that the law regards those only who watch and work, and not those who sleep. The law can only protect those who take due care of themselves, while those who disregard its requirements, must, necessarily, suffer the consequences of their own neglect.